John David ROBERTS,
Plaintiff-Appellant,

v.

Henry ARLEDGE et al.,
Defendants-Appellees.

No. 75–2908
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 26, 1975.

Paul S. Minor, Gerald Blessey, Biloxi, Miss., for plaintiff-appellant.

Boyce Holleman, Gaston H. Hewes, Jr., Gulfport, Miss., for defendants-appellees.

Before WISDOM, BELL and CLARK, Circuit Judges.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

The Board of Education of Harrison County, Mississippi did not renew the contract of John David Roberts, who had been employed during the 1974–75 school term as a band instructor in the public school system. Roberts brought the present action against the board pursuant to 42 U.S.C. § 1983 alleging that the Board's failure to grant him a hearing in connection with the nonrenewal of his contract was state action which violated his First, Fifth and Fourteenth Amendment rights. Roberts moved in the district court for a preliminary injunction. The present appeal is from the court's action denying preliminary injunctive relief and expressly declining to reach the merits of Robert's complaint. In connection with the present appeal, Roberts has moved this court for an injunction, pending our ruling on the merits, which would require his reinstatement to a teaching position with the Harrison County school system for the 1975–76 school year. The record now before us consists of all pleadings and the full transcript of the trial court hearing on the preliminary injunction. We *sua sponte* transfer this case to the summary calendar and affirm the district court's denial of preliminary injunctive relief.

Four weeks after the commencement of the 1974–75 school year, Harrison County entered into a teaching contract with Roberts which covered the remainder of that school term. When he was advised that this contract would not be renewed, Roberts requested a hearing pursuant to the "Public School Fair Dismissal Act, Miss.Code Ann." §§ 37–9–101 to 113 (1972). The board refused to accord him the requested hearing on the basis that his employment was for less than a full school year, which it interpreted to be a prerequisite to entitlement under the Act to notice and a hearing in connection with his nonrehiring.

 *Canal Authority of State of Florida v. Callaway,* 489 F.2d 567 (5th Cir. 1974), indicates the standard for our re-

view of the district court's denial of preliminary injunctive relief. We must find that the district judge clearly abused *his* discretion in the process of weighing the respective rights of the parties. This record fails to demonstrate that appellant will suffer injuries that cannot be redressed after a hearing on the merits should he prevail. Because the record before us is adequate and the way to resolution of the issue is clear, there is no just reason to delay a decision on the merits of the limited appeal now lodged in this court. In the interest of justice we affirm the denial of preliminary relief and remand this cause for further proceedings in the district court.

 However, because further proceedings in that court are required and because the transcript discloses remarks by the trial judge in the course of this hearing which indicate the possibility of future error, we add the following comments. Whether school district officials correctly interpreted and applied Mississippi law does not raise any federal issue cognizable under § 1983. *McDowell v. Texas,* 465 F.2d 1342 (5th Cir. 1971), adopted by the court en banc, 465 F.2d 1349 (5th Cir. 1972). The existence of a state remedy, however, does not foreclose the litigation of state law violations of federal rights under § 1983. The district court recognized this principle but asserted that only Fourteenth Amendment violations were claimed. Both in his pleadings and in his testimony, Roberts advanced the claim under the First Amendment that his association with the Harrison County Local Chapter of the American Federation of Teachers coupled with the filing of a written union grievance to secure heat in his band building was a cause of his dismissal. In addition to his assertion that Fourteenth Amendment abridgments of hearing rights under Mississippi law had occurred, he asserted both liberty and property interests under the Constitution, which were not expressly considered by the district court. These are issues that turn upon the Supreme Court's decisions in *Board of Regents v.*

*Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), independent of the nonjusticiable state law issues based on state statutes.

The denial of preliminary injunctive relief appealed from is affirmed. The motion for injunction pending appeal is moot.